Curia per
Johnson, J.
The evidence offered in support of the inuendoes contained in the indictment against the defendant, was, and I think very properly, rejected by the Court; but the verdict is, notwithstanding, right, tí the paper writing set forth contains within itself, without the aid of the inuendoes, libellous matter. The inuen-does maybe rejected as surplusage. Such is the rule laid down in the case of Roberts vs. Camden, 9 East. 95, and for the purposes of this motion, it was enough to inquire *321 whether the paper writing here set out did not contain such matter. To ascertain this, it will be necessary, ínsi-to determine what a libel is. In Villars vs. Monsley, 2 Wilson 403. Wilmot, C. J. says, if a man deliberately and maliciously publish any thing concerning another,which renders him ridiculous, or tends to hinder others from associating or having intercourse with him, an action lies. But a more comprehensive and perhaps a more correct definition is given by Counsellor Hamilton in the ease of the People vs. Croswell, 3 Johnson, 334, and is recognized by the Supreme Court of New-York, in Steele vs. Southwick, 9 Johnson, 215. A libel, says he, is a censorious or ridiculing writing, picture, or’Sign, made with a mischievous and malicious intent towards government, magistrates or individuals. We will now proceed to examine this paper with reference to these definitions, and enquire whether it contains any thing which is, per se, libellous. The affirmative rests on the assumptions — 1st. . That it contains a direct and positive charge that the prosecutrix, Mrs. Reynal, had been guilty of telling a falsehood, upon which the. opinion of the presiding Judge turned. But, I think, that conclusion does not necessarily follow from the expressions themselves, nor is there any thing connected with them to aid that con - struction. The language is, “ As Mrs. Reynal says she has been most cruelly censured without a cause, which is absolutely false, I would advise her,” &e. Now, although it may be posssible to torture this expression into a chargea-gainst her,according to its obvious .meaning and natural import, it is a simple negation of a charge made against him, that he had cruelly censured her without a cause; and altho’ the language is not, perhaps, the most courtly, the idea conveyed is, that he had not censured her without a cause. In the case of Steele vs. Southwick, 9 Johnson’s Rep. 416, the Court assume it as a univer *322 sally admitted and well understood, that a publication' simply denying charges imputed to the author and confined exclusively to that object, is not libellous whatever may be its contents. The malicious and mischievous intent necessary to a libel is wanting. The motive is the vindication of himself, and not to render his accuser ridiculous, or to hinder others from associating or Raving intercourse with him, as in the definition of Chief Justice Wilmot, nor is it censorious according to Counsellor Hamilton.
The second assumption is, that the insinuation that she was an unfit inmate of Colonel Rouse’s house, to whom the letter was addressed, is libellous. Here, again, we have nothing to aid us in the interpretation. The language is, “ I would advise her to beware, lest facts, which are stubborn things, be brought to light, and you will then see who you keep under your roof,” &c. Now, here there is no specific charge against her that is either immoral or criminal, or that would necessarily exclude her from society; but we are left to conjecture the worst, or to fancy some error or foible which the writer might have supposed he had detected in her, but which she herself, and the majority of mankind, might have esteemed a virtue. Let us suppose, for instance, that the insinuation was founded on the belief that she was a prude, or that she' professed the Roman Catholic faith, who but a libertine, or an intolerant bigot, would impute this to her as a crime or immorality, and yet from any thing that appeal’s, this, or something like it, might have been the motive ; but on the contrary, it might have had reference to the most criminal charges, and the objection is not, that it does not, but that it has not been made to appear. Nothing but that which is criminal, immoral or ridiculous, can be lib 11'ous, and it is incumbent on the prosecution to stamp that character on this transaction. There is nothing in: *323 ¿he paper itself, or extrinsic of it, which has been brought to light to fix its character. It contains in itself no specific charge of any thing immoral or criminal, or which is. calculated to render the prosecutrix ridiculous, or to exclude her from society, and is not, therefore, libellous. On these grounds, therefore, the motion must prevail, and the consideration of the other grounds stated, are rendered unnecessary.. New trial granted.